# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| PENNY COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:21-cv-00077-SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On August 12, 2021, the Court directed petitioner Penny Coleman to file an amended 28 U.S.C. § 2241 petition on a Court form. She was also ordered to file a motion for leave to proceed in forma pauperis or pay the filing fee. Petitioner was given thirty days in which to respond. She has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed. *See* Fed. R. Civ. P. 41(b).

### Background

Petitioner is a self-represented litigant who is currently incarcerated at the Federal Correctional Institution in Aliceville, Alabama. On May 7, 2010, she filed a pro se "Motion for Hardship Credit for Hard Time Served" in her criminal cases.[1] Because the motion appeared to relate to the execution of petitioner's sentence, the Court construed it as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court administratively terminated the motion in both her criminal cases, and directed the Clerk of Court to open it as a new § 2241 action.

On August 12, 2021, the Court ordered petitioner to file an amended 28 U.S.C. § 2241 petition on a Court provided form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought

---

[1] *See United States v. Coleman*, No. 1:14-cr-29-SNLJ (E.D. Mo.); and *United States v. Coleman*, No. 1:14-cr-80-SNLJ (E.D. Mo.).

by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). Petitioner was also directed to either file a motion for leave to proceed in forma pauperis or pay the filing fee. Both a § 2241 form and an application to proceed in forma pauperis were sent to petitioner. She was given thirty days to comply, and advised that a failure to comply would result in the dismissal of this action without prejudice and without further notice. Petitioner's response was due by September 13, 2021.

## Discussion

On August 12, 2021, the Court ordered petitioner to file an amended 28 U.S.C. § 2241 petition on a Court form, and to either file a motion for leave to proceed in forma pauperis or pay the filing fee. She was given thirty days in which to comply. Petitioner's responses were due on or before September 13, 2021. In the order, the Court advised petitioner that failure to comply would result in the dismissal of this action without prejudice and without further notice.

The deadline for petitioner to file her amended petition, and to either file a motion for leave to proceed in forma pauperis or pay the filing fee, has expired. In fact, the Court has given petitioner more than thirty days in which to respond. Nonetheless, petitioner has failed to submit an amended petition, and has failed to either submit a motion for leave to proceed in forma pauperis or pay the filing fee, as directed. She has also failed to file a motion with the Court seeking an extension of time in which to comply. Indeed, since the initial filing, the Court has had no further communication with petitioner whatsoever.

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This

rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because petitioner has not complied with the Court's order of August 12, 2021, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of August 12, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 24th day of September, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE